MICHAEL P. MEARS,
A PROFESSIONAL CORPORATION
MICHAEL P. MEARS #062113
MING OFFICE PARK
5500 MING AVENUE, SUITE 225
BAKERSFIELD, CA 93309
(661)834-1600 TELEPHONE
(661)834-0466 FACSIMILE

Attorney for Claimants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 1:12-CV-00919-LJO-JLT |
|---|---|
| Plaintiff, | ) **ANSWER TO VERIFIED COMPLAINT** |
| | ) **FOR FORFEITURE *IN REM*** |
| v. | ) |
| APPROXIMATELY $122,049.45 SEIZED FROM BANK OF THE SIERRA ACCOUNT NUMBER 1600621670, HELD IN THE NAME OF WILSON MOBIL, INC., a California Corporation, and | ) |
| APPROXIMATELY $10,895.34 SEIZED FROM BANK OF THE SIERRA ACCOUNT NUMBER 1600623270, HELD IN THE NAME OF WILSON MOBIL, INC., a California Corporation, | ) |
| Defendants. | ) |

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Claimants, Wilson Mobil, Inc., a California Corporation, Tim Tran and Karen Chhan, (hereinafter referred to as "Claimants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Plaintiff's

1

Verified Complaint for Forfeiture *In Rem* and say:

1. Claimants assert that the allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in Paragraph 1 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

2. Claimants admit the allegations of Paragraph 2.

3. Claimants admit the allegations of Paragraph 3.

4. Claimants admit the allegations of Paragraph 4.

5. Claimants assert that the allegation in Paragraph 5 of the complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants assert that the rules referenced in Paragraph 5 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

6. Claimants deny each and every allegation of Paragraph 6 of the Complaint.

7. Claimants assert that the allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in Paragraph 7 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

8. Claimants assert that the allegations in Paragraph 8

2

of the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in Paragraph 8 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

9. Claimants assert that the allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in Paragraph 9 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

10. Claimants assert that the allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in Paragraph 10 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

11. Claimants admit the allegations of Paragraph 11 of the Complaint.

12. Claimants admit the allegations of Paragraph 12 of the Complaint.

13. Claimants deny each and every allegation of Paragraph 13 of the Complaint.

14. Claimants deny each and every allegation of Paragraph 14 of the Complaint.

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

MICHAEL P. MEARS
A PROFESSIONAL CORPORATION
ATTORNEY AT LAW
5500 MING AVENUE, #225, BAKERSFIELD, CALIFORNIA 93309
(661) 834-1600    FAX (661) 834-0466

15. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, on that basis, deny all allegations contained therein.

16. Claimants deny each and every allegation of Paragraph 16 of the Complaint.

17. Claimants admit the allegations of Paragraph 17.

18. With respect to Paragraph 18, all responses made to Paragraphs 1 through 17 of the Complaint are re-alleged and incorporated, herein, by reference.

19. Claimants deny each and every allegation of Paragraph 19 of the Complaint.

20. With respect to Paragraph 20, all responses made to Paragraphs 1 through 19 of the Complaint are re-alleged and incorporated, herein, by reference.

21. Claimants deny each and every allegation of Paragraphs 21, 22 and 23 of the Complaint.

Claimants deny any and all allegations not specifically admitted above.

Claimants' Affirmative Defenses follow on the next page.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimants violated 31 U.S.C. §§ 5324, which subjected the defendant property to this civil forfeiture pursuant to 18 U.S.C. 981(a)(1)(A), is a claim upon which relief cannot be granted in this case because the Claimants were engaged in a legal business enterprise that did not involve money laundering or other unlawful activities.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant property violates the Claimants' Fourth Amendment right to be free from illegal searches and seizures.

### THIRD AFFIRMATIVE DEFENSE

Claimants acted in good faith at all times relevant to the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are compound, vague and ambiguous.

### FIFTH AFFIRMATIVE DEFENSE

The government is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations and actions.

### SIXTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

## SEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain the forfeiture it seeks because that result would be constitutionally disproportionate.

## EIGHTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment because it has not acted in good faith.

## NINTH AFFIRMATIVE DEFENSE

The government cannot obtain the forfeiture it seeks because that result would be a violation of the Excessive Fines Clause of the Eighth Amendment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

## RESERVATION OF RIGHTS

Claimants reserve the right to assert affirmative defenses or amend these affirmative defenses as discovery warrants.

WHEREFORE, Claimants pray that:

1. The Court order that the funds sought by Plaintiff to be forfeited to the United States, instead be ordered delivered to the Claimants.

2. For such further relief as the Court deems just and

///
///
///
///

6

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

proper.

                                Respectfully Submitted:

MICHAEL P. MEARS, a
PROFESSIONAL CORPORATION

Dated: July 23, 2012    By: *[signature]*

MICHAEL P. MEARS,
California Bar No. 062113
5500 Ming Avenue, Suite 225
Bakersfield, CA 93309
Telephone: (661)834-1600
Facsimile: (661)834-0466
Email: mpmesq@ymail.com

ATTORNEY FOR CLAIMANTS,
Wilson Mobil, Inc., Tim Tran
and Karen Chhan

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

## VERIFICATION

I, TIM TRAN, President of Wilson Mobil, Inc., a California corporation, hereby verify and declare under penalty of perjury that I am a Claimant in this action; that I have read the foregoing ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* and know the contents thereof, and the matters contained in the Answer are true to the best of my knowledge and belief, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: July 23, 2012

TIM TRAN, President

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

## VERIFICATION

I, TIM TRAN, hereby verify and declare under penalty of perjury that I am a Claimant in this action; that I have read the foregoing ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* and know the contents thereof, and the matters contained in the Answer are true to the best of my knowledge and belief, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: July 23, 2012

_____
TIM TRAN

MICHAEL P. MEARS
A PROFESSIONAL CORPORATION
ATTORNEY AT LAW
5500 MING AVENUE, #225, BAKERSFIELD, CALIFORNIA 93309
(661) 834-1600    FAX (661) 834-0466

9

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

## VERIFICATION

I, KAREN CHHAN, hereby verify and declare under penalty of perjury that I am a Claimant in this action; that I have read the foregoing ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* and know the contents thereof, and the matters contained in the Answer are true to the best of my knowledge and belief, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: July 23, 2012

*[signature]*
KAREN CHHAN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Verified Complaint for Forfeiture *in Rem* was served this 24th day of July, 2012 via the Court's electronic filing system upon the following counsel:

> HEATHER MARDEL JONES, ESQ.
> Assistant United States Attorney
> United States Courthouse
> 2500 Tulare Street, Suite 4401
> Fresno, CA 93721

_____
MICHAEL P. MEARS

ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*